# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3157-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEFFREY B. HARRINGTON,

     Defendant-Appellant.

_____

Submitted September 21, 2022 – Decided September 26, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-10-2702.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Jeffrey B. Harrington, appeals from the Law Division's March 21, 2021 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons set forth by Judge Michael L. Ravin.

We discern the following facts from the record. On October 7, 2009, an Essex County grand jury charged defendant in a fourteen-count indictment.[1] The counts were as follows:

> Count 1: Sexual Assault – Victim 16-18, Supervisory /Disciplinary Control, second degree, in violation of N.J.S.A. § 2C:14-2(c)(3)(B);
>
> Count 2: Endangering the Welfare of a Child – Duty, second degree, in violation of N.J.S.A. § 2C:24-4(a);
>
> Count 3: Sexual Assault – Victim 16-18, Supervisory/ Disciplinary Control, second degree, in violation of N.J.S.A. § 2C:14-2(c)(3)(B);
>
> Count 4: Endangering the Welfare of a Child – Duty, second degree, in violation of N.J.S.A. § 2C:24-4(a);
>
> Count 5: Aggravated Criminal Sexual Contact, third degree, in violation of N.J.S.A. § 2C:14-3(a);
>
> Count 6: Endangering the Welfare of a Child – Duty, second degree, in violation of N.J.S.A. § 2C:24-4(a);
>
> Count 7: Aggravated Criminal Sexual Contact, third degree, in violation of N.J.S.A. § 2C:14-3(a);

---

[1] Essex County Indictment No. 09-10-2702-I.

Count 8: Endangering the Welfare of a Child – Duty, second degree, in violation of N.J.S.A. § 2C:24-4(a);

Count 9: Aggravated Criminal Sexual Contact, third degree, in violation of N.J.S.A. § 2C:14-3(a);

Count 10: Endangering the Welfare of a Child – Duty, second degree, in violation of N.J.S.A. § 2C:24-4(a);

Count 11; Sexual Assault, second degree, in violation of N.J.S.A. § 2C: 14-2(c);

Count 12: Sexual Assault, second degree, in violation of N.J.S.A. § 2C:14-2(c);

Count 13: Sexual Assault, second degree, in violation of N.J.S.A. § 2C:14-2(c); and

Count 14: Endangering the Welfare of a Child – Duty, second degree, in violation of N.J.S.A. § 2C:24-4(a).

On July 16, 2010, the Law Division entertained defendant's plea of guilty to Count 14 of the indictment, which had been amended to Third Degree Endangering the Welfare of a Child – Sexual Contact, in violation of N.J.S.A. § 2C:24-4(a). Although the statute did not require as an element that defendant had supervisory or disciplinary control over the victim, defendant affirmed in his plea colloquy that, by virtue of his position as a volunteer sports coach at a high school, he had "some supervisory responsibility" over the victim.

At the plea hearing, defendant testified that he reviewed and understood the meaning and consequences of parole supervision for life (PSL), and that his

3

attorney had answered all questions he had regarding the plea and sentence. Following the plea colloquy, defendant initialed and signed a plea form. On that form, under the subheading "Parole Supervision for Life," defendant circled the box indicating he understood that:

> being sentenced to [PSL] means that . . . immediately upon imposition of a suspended sentence [he] will be supervised by the Division of Parole for at least 15 years and will be subject to provisions and conditions of parole . . . which may include restricts on where [he] can live, work, travel or persons [he] can contact.

On October 8, 2010, defendant was sentenced to a three-year suspended sentence with a mandatory sentence of PSL. On that date, defendant signed a two-page document titled "Parole Supervision for Life," which separately enumerated the general and special conditions applicable to his sentence.

On July 31, 2012, defendant was arrested for violating the conditions of PSL and served a year in custody. On May 11, 2018, defendant was taken into custody on another purported violation of PSL. According to his account of this event, defendant was arrested while attempting to board a cruise ship, despite parole authorizing him to receive a passport. This violation was not sustained, according to defendant, and he was released on October 4, 2018. Just over a month later, on November 18, 2018, defendant was again taken into custody for a violation of conditions of PSL. He was released on January 17, 2020.

4

On June 14, 2019, defendant filed for PCR. Among other things, defendant asserted: (1) ineffective assistance of counsel; (2) that PSL violates the United States and New Jersey Constitutions; and (3) that he is entitled to an evidentiary hearing on these matters.

Following oral argument on February 8, 2021, Judge Ravin denied defendant's PCR petition. The PCR judge concluded that: (1) defendant did not satisfy the two-prong test of Strickland v. Washington, 446 U.S. 668, 687 (1984); (2) there was no constitutional defect in the periods of incarceration that defendant served as a result of his guilty plea; and (3) no evidentiary hearing was necessary to determine any salient facts about defendant's claims of ineffective assistance of counsel because defendant's argument was belied by the record.

On appeal, defendant effectively raises the same arguments he unsuccessfully presented to the PCR judge. Defendant contends:

> POINT I
>
> THE PCR COURT ERRED IN DENYING MR. HARRINGTON'S PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL REGARDING HIS FAILURE TO CHALLENGE PSL AS UNCONSTITUTIONAL.

5

POINT II

THE PCR COURT ERRED IN DENYING MR. HARRINGTON'S PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL REGARDING HIS FAILURE TO ADVISE MR. HARRINGTON OF THE REQUIREMENTS, PROVISIONS, AND DURATION OF PSL.

PCR is New Jersey's counterpart to the Federal Writ of Habeas Corpus. State v. Afanador, 151 N.J. 41, 49 (1997). It is a safeguard that allows defendants to challenge the legality of their sentence by raising issues that could not have been raised on direct appeal. See State v. McQuaid, 147 N.J. 464, 482 (1997). Under Rule 3:22-2, there are four grounds on which PCR may be granted:

> a. Substantial denial in the conviction proceedings of Defendant's rights under the Constitution of the United States or law of the State of New Jersey;
>
> b. Lack of jurisdiction of the court to impose the judgment rendered upon Defendant's conviction;
>
> c. Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to R. 3:21-10(b)(5).

6

d. Any ground hereto available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 353-55 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

Ineffective assistance of counsel is established by meeting the two-part test set forth in Strickland, which was adopted by New Jersey in State v. Fritz, 105 N.J. 42 (1987).  This test requires the defendant to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial.  Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

The first prong of Strickland requires the defendant to show that his counsel's performance fell below "an objective standard of reasonableness." State v. Marshall, 148 N.J. 89, 156-57 (1997) (quoting Strickland, 466 U.S. at 687).  There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  The defendant "must overcome the presumption that the attorney's decisions followed a sound strategic approach to the case."  State v. Pierre, 223 N.J. 560, 578-79 (2015).

The second prong of Strickland requires the defendant to show that counsel's deficient performance prejudiced his defense.  Fritz, 105 N.J. at 58 (citing Strickland, 466 U.S. at 687).  Because prejudice is not presumed, State v. Fisher, 156 N.J. 494, 500 (1998), the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceedings.  United

States v. Chronic, 466 U.S. 648, 659 n.26 (1984). Therefore, this prong is only satisfied where the defendant "can point to the reality that, but for counsel's deficiency, the outcome would have been different." State v. Allah, 170 N.J. 269, 286 (2002). In the context of a guilty plea, the defendant must show that, but for trial counsel's errors, he would not have plead guilty and would have opted for trial. State v. DiFrisco, 137 N.J. 434, 457 (1994).

We find insufficient merit in defendant's contentions to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the PCR judge's opinion. In particular, we agree with the statement of the PCR judge that "it is difficult to imagine how a more thorough recording evidencing Defendant's knowledge of and assent to [PSL] could have been generated."

We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3157-20